IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
NORTHERN DIVISION

```
EQUAL EMPLOYMENT OPPORTUNITY    )
     COMMISSION,                )
Baltimore Field Office          )
10 S. Howard Street, 3d Floor   )
Baltimore, Maryland 21201       )
                                )
          Plaintiff,            )
                                )
v.                              )
                                )   Civil Action No.
                                )
                                )
CHESAPEAKE ACADEMY, INC.        )   C O M P L A I N T
1185 Baltimore Annapolis Blvd.  )
Arnold, Maryland 21012          )   JURY TRIAL DEMAND
                                )
          Defendant.            )
                                )
                                )
```

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Chauncey Stevenson. On May 5, 2006, Defendant, Chesapeake Academy, wrongfully terminated its employee, Chauncey Stevenson, because of his disability, Human Immunodeficiency Virus ("HIV").

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. Sections 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C.

Section 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. Sections 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. Section 1981A.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Maryland.

## PARTIES

3. Plaintiff, Equal Employment Opportunity Commission (the "Commission"), is an agency of the United States of America charged with the administration, interpretation, and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. §12117(a), which incorporates by reference Section 706(f)(1) of Title VII, 42 U.S.C. Section 2000e-5(f)(1).

4. At all relevant times, Defendant, Chesapeake Academy, ("Defendant"), has continuously been a Maryland corporation, doing business in the State of Maryland and the town of Arnold and has continuously had at least fifteen employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 101(7) of the ADA, 42 U.S.C. §12111(7), which

incorporates by reference Section 701(g) and (h) of Title VII, 42 U.S.C. §2000e(g) and (h).

6. At all relevant times, Defendant has been a covered entity within the meaning of Section 101(2) of the ADA, 42 U.S.C. §12111(2).

## STATEMENT OF CLAIMS

7. More than thirty days prior to the institution of this lawsuit, Chauncey Stevenson filed a charge with the Commission alleging violations of Title I of the ADA by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

8. Beginning on or about May 5, 2006 and continuing to the present, Defendant engaged in unlawful employment practices at its Arnold, Maryland facility, in violation of Section 102(a) of Title I of the ADA, 42 U.S.C. Section 12112(a). The practices include unlawfully discharging Chauncey Stevenson, a qualified individual with a disability as defined by Section 101(8) of the ADA, 42 U.S.C. §12111(8), because of his HIV condition, a disability as defined under Section 3(2)(A) of the ADA, 42 U.S.C. §12102(2)(A).

9. The effect of the practices complained of above has been to deprive Chauncey Stevenson, a qualified individual with a disability, of equal employment opportunities and otherwise

3

adversely affect his status as an employee, because of his disability.

10. As a direct and proximate result of these violations of his rights under the ADA, Chauncey Stevenson has suffered damages, without limitation, medical and job search expenses. In addition, he has suffered emotional pain, inconvenience, mental anguish, frustration, increased illness and physical pain, humiliation, and loss of enjoyment of life.

11. The unlawful employment practices complained of above were intentional.

12. The unlawful employment practices complained of in paragraph 8 above were done with malice or with reckless indifference to the federally protected rights of Chauncey Stevenson.

PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of a disability;

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and

which eradicate the effects of its past and present unlawful employment practices;

C. Order Defendant to make whole Chauncey Stevenson by providing appropriate back pay and front pay with prejudgment interest, in amounts to be proven at trial, rightful place reinstatement, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices;

D. Order Defendant to implement non-discriminatory, objective, written policies and practices regarding the terms and conditions of employment and sign and conspicuously post, for a designated period of time, a notice to all employees that sets forth the remedial action required by the Court and inform all employees that it will not discriminate against any employee because of a disability, including that it will comply with all aspects of the ADA and that it will not take any action against employees because they have exercised their rights under that statute;

E. Order Defendant to make whole Chauncey Stevenson by providing compensation for past pecuniary losses including medical and job search expenses;

F. Order Defendant to make whole Chauncey Stevenson by providing compensation for non-pecuniary losses including emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, increased illness and physical pain,

embarrassment, frustration, and humiliation, in an amount to be proven at trial;

    G.    Order Defendant to pay to Chauncey Stevenson punitive damages for its callous indifference to his federally protected right to be free from discrimination based on disability in the workplace;

    H.    Grant such further relief as the Court deems necessary and proper; and

    I.    Award the Commission its costs in this action.

The Commission requests a jury trial on all questions of fact raised by its Complaint.

    Respectfully submitted,

RONALD S. COOPER
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

JACQUELINE H. MCNAIR
Regional Attorney

DEBRA M. LAWRENCE
Supervisory Trial Attorney

REGINA M. ANDREW, Bar No. 7756
Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
  COMMISSION

Baltimore Field Office
10 S. Howard Street, 3rd Flr.
Baltimore, Maryland  21201
(410) 209-2724