```
            IN THE UNITED STATES DISTRICT COURT FOR
            THE DISTRICT OF MARYLAND, NORTHERN DIVISION
                                 *
EQUAL EMPLOYMENT OPPORTUNITY,    *
COMMISSION, et al.
                                 *
     Plaintiffs,
                                 *
          v.                            CIVIL NO.: WDQ-08-2342
                                 *
CHESAPEAKE ACADEMY, INC.,
                                 *
     Defendant.
                                 *

*    *    *    *    *    *    *    *    *    *    *    *    *
```

MEMORANDUM OPINION

The Equal Employment Opportunity Commission ("EEOC") and Chauncey Stevenson sued Chesapeake Academy, Inc. ("Chesapeake") for violations of the Americans with Disabilities Act of 1990 ("ADA"),[1] and Section 102 of the Civil Rights Act of 1991.[2] Pending are the Plaintiffs' motions to amend their complaints. For the following reasons, the motions will be granted.

I.   Background

On May 5, 2006, Chesapeake fired Stevenson, allegedly because he has Human Immunodeficiency Virus ("HIV"). Compl. ¶ 8. Stevenson filed a complaint with the EEOC; on September 8, 2008, the EEOC filed this suit on Stevenson's behalf alleging discrimination because of HIV. On October 3, 2008, the Court

---

[1] 42 U.S.C. § 12101 *et seq.*

[2] 42 U.S.C. § 1981a.

granted Stevenson's motion to intervene.[3]  Paper No. 4.

Discovery closed on June 16, 2009.  Paper No. 12.  On June 18, 2009, Stevenson's physician testified at deposition that she had diagnosed Stevenson with Acquired Immune Deficiency Syndrome ("AIDS") before he was fired.[4]  Paper Nos. 24-25.  On June 29, 2009, Stevenson moved to amend his complaint.  Paper No. 24.  On June 30, 2009, the EEOC moved to amend its complaint.  Paper No. 25.

II.  Analysis

Stevenson and the EEOC seek to amend their complaints to allege that Stevenson was also fired because he had AIDS.  Paper Nos. 24-25.  Chesapeake opposes amendment because Stevenson did not allege that he had AIDS when he filed his EEOC complaint, and as a result, the EEOC did not investigate possible discrimination based on AIDS.  Def. Opp. at 2-3.

A party may amend a pleading after a responsive pleading has been served only with leave of court; "[t]he court should freely give leave when justice so requires."  FED. R. CIV. P. 15(a).  "[L]eave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile."  *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir.

---

[3] Stevenson intervened because he wanted to be represented by his own counsel.  Paper No. 3.

[4] The parties consented to the physician's deposition after discovery had closed.  Paper No. 16.

2006) (en banc) (quoting *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986) (internal quotations omitted)); *accord Nourison Rug Corp. v. Parvizian*, 535 F.3d 295, 298 (4th Cir. 2008).

"[D]elay alone is not a sufficient reason to deny a party leave to amend its pleading," but is so when accompanied by bad faith of the movant, futility, or prejudice to the non-movant. *Nat'l Bank of Washington v. Pearson*, 863 F.2d 322, 327-28 (4th Cir. 1988).  Prejudice is often "determined by the nature of the amendment and its timing"; for example, an amendment shortly before trial that raises a new legal theory with new facts may be prejudicial.  *Laber*, 438 F.3d at 427.

Chesapeake argues that amendment would be futile because it did not know that Stevenson had AIDS until his April 2009 deposition.  Def. Opp. at 4.  Chesapeake's knowledge of Stevenson's condition is a factual issue; amendment would not be futile.  *See Perkins v. United States*, 55 F.3d 910, 916-17 (4th Cir. 1995) (an amendment is futile if it would not withstand a motion to dismiss).

Chesapeake also argues that amendment would be prejudicial because it will need "significant additional discovery,"[5] and

---

[5] Chesapeake states that it will need discovery on "potentially dispositive expert medical evidence regarding the difference between being HIV positive and having AIDS, and the impact of Stevenson's AIDS on his ability to work."  Def. Opp. at 5.

3

discovery has closed. Def. Opp. at 5. Chesapeake argues that the Plaintiffs did not seek to amend while discovery was open although they knew of Stevenson's condition. Def. Opp. at 5. The Plaintiffs respond that AIDS is not an additional disability, and they are merely clarifying Stevenson's diagnosis.[6] Pls. Rep. at 3.

Stevenson's claim requires proof that (1) he was a "qualified individual with a disability"; (2) he was discharged; (3) he was fulfilling Chesapeake's legitimate expectations at the time; and (4) his firing raises a reasonable inference of discrimination. *Rohan v. Networks Presentations LLC*, 375 F.3d 266, 272 n.9 (4th Cir. 2004); *Haulbrook v. Michelin N. Am.*, 252 F.3d 696, 702 (4th Cir. 2001). Because Chesapeake will not be prejudiced, amendment will be permitted.

III. Conclusion

For the reasons stated above, the Plaintiffs' motions to amend their complaints will be granted.

August 26, 2009                             /s/
Date                              William D. Quarles, Jr.
                                  United States District Judge

---

[6] HIV and AIDS are considered one virus, *see Bragdon v. Abbott*, 524 U.S. 624, 633-37 (1998); AIDS "is the last stage of progression" of HIV. *Doe v. County of Centre, Pennsylvania*, 242 F.3d 437, 441 (3d Cir. 2001).